**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHANGUO QUI, | No. 09-70369 |
| Petitioner, | Agency No. A099-445-647 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012**

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Zhanguo Qui, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Qui's contention that he is eligible for asylum and withholding of removal as a member of a particular social group of "property owners in a specific area that were all affected by the same road project" because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA).

Substantial evidence supports the BIA's finding that Qui did not demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir. 2004) (petitioner failed to establish authorities imputed a political opinion to him); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Qui's asylum and withholding of removal claims fail. *See Molina-Morales*, 237 F.3d at 1052.

09-70369

Finally, Qui does not raise any arguments in his opening brief regarding the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**